**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 25 WAP 2012 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court entered November 9, 2011 at No. |
| | : | 1948 WDA 2007, reversing and |
| v. | : | vacating the Judgment of Sentence of |
| | : | the Court of Common Pleas of |
| | : | Allegheny County entered March 15, |
| | : | 2007 at CP-02-CR-0007403-2004 and |
| MICHAEL MOLINA, | : | CP-02-CR-0009547-2004 and |
| | : | remanding. |
| Appellee | : | |
| | | ARGUED: September 10, 2013 |

**CONCURRING OPINION**

**MR. JUSTICE SAYLOR**                    **DECIDED: NOVEMBER 20, 2014**

I join the lead opinion, subject to a few modest departures.

In terms of these differences, first, I believe that it is unnecessary to determine whether Appellant impliedly invoked his constitutional right against self-incrimination. See Opinion Announcing the Judgment of the Court, slip op. at 12 (concluding that Appellant effectuated an implied invocation). If, as I believe it is here, silence can be insolubly ambiguous (since there are many reasons why a person may decline to respond when questioned),[1] I find it problematic to suggest a particular resolution

---

[1] In addition to the reasons referenced by the lead Justices, see id. at 34, a person's decision not to speak to an officer who appears at his door, or whom he encounters in
(continued…)

concerning what was meant by Appellee's refusal to speak. Indeed, as I read the lead Justices' ultimate disposition, with which I agree, Article I, Section 9 of the Pennsylvania Constitution precludes the prosecution from using a defendant's pre-arrest silence as substantive evidence of guilt regardless of whether an invocation may be discerned. See id. at 37.

Next, I have some difficulty to the degree the lead opinion treats "protection of the adversary system" as an end unto itself. Id. at 28, 29. The adversarial litigation scheme has its limits, and all actors involved in the criminal justice apparatus must both respect individual liberties and refrain from overreaching. To the extent we accept that silence is insolubly ambiguous in any given situation, and that the social science is tending to confirm the suspicion that jurors may be inclined to misperceive silence as evidence of guilt, see, e.g., Mikah K. Story Thompson, Me Thinks the Lady Doth Protest Too Little: Reassessing the Probative Value of Silence, 47 U. LOUISVILLE L. REV. 21, 38-49 (2008) (discussing various studies demonstrating the ambiguity of silence); accord Commonwealth v. Turner, 499 Pa. 579, 583, 454 A.2d 537, 539 (1982), it is troubling that the Commonwealth would seek to advocate convictions based on silence. In this regard, were it a matter of first impression, I am not certain that I would support the notion that the Pennsylvania Constitution permits the use of a defendant's silence – where it is ambiguous but prejudicial – even for impeachment purposes.[2]

---

(…continued)

public, may stem from the notion, now widely known in our culture, that "anything he says can be used against him in a court of law[.]" Miranda v. Arizona, 384 U.S. 436, 479, 86 S. Ct. 1602, 1630 (1966); see Dickerson v. United States, 530 U.S. 428, 443, 120 S. Ct. 2326, 2336 (2000) (explaining that Miranda warnings "have become part of our national culture").

[2] In the present state of the constitutional jurisprudence on this score, at the very least, trial judges should consider our evidentiary rules. See, e.g., Pa.R.E. 403 (providing that (continued…)

In terms of my agreement with the majority opinion, from my perspective, the majority does an admirable job working through what has become a highly complex and, indeed, counter-intuitive area of federal constitutional jurisprudence. See, e.g., Peg Green, Pre-Arrest, Pre-Miranda Silence:  Questions Left Unanswered by Salinas v. Texas, 7 PHOENIX L. REV. 395, 409 (2013) ("The odd result of Salinas is that one must speak in order to remain silent; and if a person remains silent instead of speaking up, that silence can be used against him as evidence of guilt.").  To my mind, the result is the delineation of a reasoned and just avenue of departure in our enforcement of a core right guaranteed by the Pennsylvania Constitution.

Madame Justice Todd joins this concurring opinion.

---

(…continued)
a court may exclude evidence if its probative value is outweighed by the danger of unfair prejudice).